FILED
2021 Mar-15  PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ABBIE G. HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-00811-SGC |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION[1]

Plaintiff Abbie Hart appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). (Doc. 1). Plaintiff timely pursued and exhausted her administrative remedies and the Commissioner's decision is ripe for review. For the reasons discussed below, the court finds the Commissioner's decision is due to be affirmed.

**I. Procedural History**

Hart was fifty-five years old at her alleged onset date and fifty-six years old at the time of the decision. (R. 41, 47). She has a twelfth-grade education and past work experience as a mold operator and hose tester. (R. 43, 44, 170). Hart testified

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 9).

she left her last employment because of pain in her lower back.  (R. 42).  Hart explained she is unable to continue working because of "the standing, and the sitting, and the lifting of items."  (R. 50).

Plaintiff filed her application for DIB on January 4, 2017, alleging disability beginning February 16, 2016, which was amended to February 18, 2017.  (R. 40). When the Social Security Administration ("SSA") denied her claims, Hart requested a hearing before an Administrative Law Judge ("ALJ").  (R. 88-89).  The ALJ held a video hearing on June 8, 2018.  (R. 35 - 67).  Following the hearing, the ALJ denied Plaintiff's claim.  (R. 17-32).  Hart appealed the decision to the Appeals Council ("AC").  (R. 143).  After reviewing the record, the AC declined further review of the ALJ's decision.  (R. 1-6).  That decision became the final decision of the Commissioner and is now ripe for review.  *See Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).

## II. Statutory and Regulatory Framework

To establish eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also* 20 C.F.R. §

404.1505(a).  The SSA employs a five-step sequential analysis to determine an individual's eligibility for disability benefits.  20 C.F.R. § 416.920(b).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity."  *Id.*  "Under the first step, the claimant has the burden to show that []she is not currently engaged in substantial gainful activity."  *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[2]  If the claimant is engaged in substantial gainful activity, the Commissioner will determine the claimant is not disabled.  At the first step, the ALJ determined Hart had not engaged in substantial gainful activity since February 18, 2017, her alleged onset date.  (R. 22).

If a claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months.  20 C.F.R. § 416.920 (a)(4)(ii) & (c).  An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  *See id.* at § 416.921.  Furthermore, it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority.  11th Cir. R. 36-2.

3

only by [the claimant's] statement of symptoms." *Id.*; *see also* 42 U.S.C. § 423(d)(3). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 416.922(c).[3] "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a). A claimant may be found disabled based on a combination of impairments, even though none of her individual impairments alone is disabling. 20 C.F.R. § 416.920. The claimant bears the burden of providing medical evidence demonstrating an impairment and its severity. *Id.* at § 416.912(a). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will determine the claimant is not disabled. *Id.* at § 416.920(a)(4)(ii) & (c). At the second step, the ALJ determined Hart had the following severe impairments: degenerative disc disease of the lumbar spine. (R. 22).

---

[3] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 416.922(b).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.920(a)(4)(iii) & (d).  The claimant bears the burden of proving her impairment meets or equals one of the Listings.  *Reynolds-Buckley*, 457 F. App'x at 863.  If the claimant's impairment meets or equals one of the Listings, the Commissioner will determine the claimant is disabled.  20 C.F.R § 416.920(a)(4)(iii) & (d).  At the third step, the ALJ determined Hart did not have an impairment or combination of impairments that meet or medically equal the severity of a Listing.  (R. 23).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step.  20 C.F.R. § 416.920(e).  A claimant's RFC is the most she can do despite her impairment.  *See id.* at § 416.945(a).  At the fourth step, the Commissioner will compare the assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work.  *Id.* at § 416.945(a)(4)(iv).  "Past relevant work is work that [the claimant] [has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."  *Id.* § 416.960(b)(1).  The claimant bears the burden of proving that her impairment prevents her from performing her past relevant work.  *Reynolds-Buckley*, 457 F. App'x at 863.  If the claimant is capable

5

of performing her past relevant work, the Commissioner will determine the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(iv) & (f).

Before proceeding to the fourth step, the ALJ determined Hart had the RFC to perform a limited range of light work.  (R. at 24).  More specifically, the ALJ found Plaintiff had the following limitations for light work, as defined in 20 C.F.R. § 404.1567(b):

> [Plaintiff] can lift and/or carry twenty-five pounds occasionally and ten pounds frequently.  She can sit, stand, and walk for six hours total each. She can never climb ladders, ropes, or scaffolds and can frequently perform all other postural activities.  She must avoid concentrated exposure to temperature extremes, humidity, and vibration.  She should avoid all exposure to workplace hazards such as unprotected heights and dangerous moving machinery.

(*Id.*).  At the fourth step, the ALJ determined Hart was capable of performing her past relevant work as a "hose tester."  (R. 27).  With the aid of testimony from the vocational expert ("VE"), the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were other jobs that exist in significant numbers Hart could perform.  (R. 28).  Therefore, the ALJ concluded Plaintiff had not been under a disability as defined by the SSA from February 18, 2017, through the date of decision.  (R. 29).

## III. Standard of Review

Review of the Commissioner's decision is limited to a determination whether that decision is supported by substantial evidence and whether the Commissioner

applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine whether the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

On appeal, Hart argues the ALJ improperly evaluated her credibility under the Eleventh Circuit's pain standard.  (Doc. 12 at 4).  Plaintiff contends the ALJ did not properly consider the totality of her medical records when making a determination about Hart's credibility.  (Doc. 12 at 5).  Plaintiff also contends the ALJ misconstrued her reported activities of daily living.  (Doc. 12 at 11).  These arguments are addressed in turn.

### A.    Medical Records

Hart asserts the ALJ erred when she failed consider the totality of her medical records and mischaracterized or overlooked medical records when making her credibility determination.  (Doc. 12 at 5-6).  Hart argues the ALJ's determination she is capable of performing a reduced range of light work is based upon a negative credibility assessment not supported by substantial evidence.  (Doc. 12 at 5).

In addressing a claimant's subjective description of pain and symptoms, the law is clear:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.  *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.  *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* 20 C.F.R. § 404.1529.  If a claimant satisfies the first part of the test, the ALJ must evaluate the underlying condition's intensity, persistence, and effect on the claimant's ability to work.  *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(c) & (d), 416.929(c) & (d).  While evaluating the evidence, the ALJ must consider whether inconsistencies exist within the evidence or between the claimant's statements and the evidence, including her history, medical signs, laboratory findings, and statements by medical sources or other sources about how her symptoms affect her.   20 C.F.R. §§ 404.1529(c)(4) & 416.929(c)(4).   Thus, a claimant's subjective pain testimony supported by medical evidence supports a finding of disability.  *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).

In determining whether substantial evidence supports an ALJ's credibility determination, "[t]he question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). The ALJ need not conduct a symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court.  *See Foote*, 67 F.3d at 1562.  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* (citation omitted).

The ALJ found Hart's medically determinable impairments could reasonably be expected to produce the alleged symptoms but concluded her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (R. 24).  As discussed below, the court finds the ALJ's determination is supported by substantial evidence.

At the hearing, Hart testified she was unable to work due to pain in her lower back.  (R. 42).  Plaintiff stated she would be unable to sit, stand, and lift to perform any type of job on a full-time basis.  (R. 50).  Regarding her most recent employment, Plaintiff stated she would have to sit down between tasks because of her back pain. (R. 50).  Hart lives with her husband and is able to drive herself. (R. 48).  Her daily activities include going to church, the grocery store, the gym, and performing light housework with her husband's assistance.  (R. 55-58).  Plaintiff testified she lies down about 4 times a day for 30-35 minutes each time.  (R. 54).  According to Hart, she can stand for 40 minutes and walk for 15 minutes at one time.  (R. 55, 56).

The ALJ found the objective findings from the treating and examining physicians were inconsistent with Hart's allegations of total disability.  (R. 24-27). The ALJ reviewed the medical records from Marlin D. Gill, M.D., Thomas Lockard, D.O., and Russel L. Ellis, M.D., and noted the inconsistencies with Hart's reports of pain.  Dr. Gill's February 8, 2017 examination notes indicate Plaintiff displayed the

ability to walk unassisted, get on and off the examination table without assistance, bend forward ninety degrees and rise up from that position, and squat down and rise up from the squatted position. (R. 25, 264). Dr. Gill found no neurological abnormalities and noted Hart displayed full, 5/5 strength with good muscle tone throughout her musculoskeletal system. (R. 25, 264). Dr. Ellis's January 30, 2018 examination did not reveal any abnormal findings aside from mild tenderness and a slightly antalgic gait. (R. 25, 332-333). Dr. Ellis noted Plaintiff retained 5/5 strength throughout her musculoskeletal system and did not appear in acute or apparent distress. (R. 25, 332-33). Further, on February 16, 2017, Dr. Lockard, Hart's primary care provider, indicated she displayed a normal gait and did not appear in any distress. (R. 295). Dr. Lockard's most recent notes from February 28, 2018, indicate the same. (R. 336).

The ALJ specifically stated:

> In sum, the examination notes do not support the reported severity of the claimant's lumbar degenerative disc disease. While she displays some diminished lumbar motion, she generally presents to examinations with a normal gait. She does not use an assistive device to ambulate. She maintains full, 5/5 strength throughout her musculoskeletal system. While she reports constant, disabling pain, she does not present to medical examinations in any acute or apparent distress. The claimant has received conservative treatment for her lumbar degenerative disc disease. There is no evidence that she has attended physical therapy sessions, received epidural injections, or underwent a surgical procedure since the amended alleged onset date. The most recent examination notes from her orthopedic physician, Curt L. Freudenberger, M.D., indicate that while she is a candidate for a L4-S1 total lumbar interbody fusion, conservative treatment is

recommended.  As described above, Dr. Freudenberger only directed her to follow up with him on an as needed basis.

(R. 25-26) (internal citations omitted).

On appeal, Hart contends the ALJ erred when she found the examination notes do not support the severity of her reported lumbar pain.  (Doc. 12 at 8).  Plaintiff claims the actual evidence is consistent with her reports of debilitating pain; she points to longstanding complaints of back pain and treatment under Dr. Freudenberger.  (*Id.*).  Further, Plaintiff argues the ALJ ignored Dr. Freudenberger's interpretation of the November 22, 2014 MRI and subsequent analysis.  (*Id.* at 7).

Hart is correct that Dr. Freudenberger's records show she complained of back pain in 2014 and again in 2017.  According to Dr. Freudenberger's October 9, 2017 notes, Hart appeared to be "quite uncomfortable" and estimated she could stand and walk for less than 5 minutes at a time.  (R. 324). However, the question is whether there is objective medical evidence to support the disabling effects of her reported pain.  *Foote*, 67 F.3d at 1561.

Although not expressly stated in her appeal, Hart's reliance on Dr. Freudenberger's treatment and opinions and the ALJ's discount of those opinions triggered, by implication, the treating physician's opinion weight analysis.  Plaintiff relies on Dr. Freudenberger's assessment of her condition as evidence that her subjective complaints were supported by the objective medical evidence.  (Doc. 12 at 9-10).

Absent a showing of good cause to the contrary, the opinion of a claimant's treating physician is entitled to substantial or considerable weight. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997*); see also Crawford*, 363 F.3d at 1159.  Good cause exists where a treating physician's opinion is: (1) not supported by the evidence; (2) contradicted by the evidence; or (3) conclusory or inconsistent with the doctor's own medical records.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  There is no reversible error where the ALJ articulates specific reasons for failing to give the treating physician's opinion controlling weight and substantial evidence supports those reasons.  *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

The ALJ articulated specific reasons for discounting Dr. Freudenberger's assessment, finding his opinion was inconsistent with his own treatment notes.  (R. 26).  The ALJ pointed to Dr. Freudenberger's October 9, 2017 notes indicating Hart "appears normal for stated age" and was "well-nourished [and] in no apparent distress."  (R. 323).  The ALJ explained Dr. Freudenberger's assessment was based on Hart's subjective complaints.  (R. 26).  Specifically, after describing Hart's standing/ambulating endurance at less than five minutes, Dr. Freudenberger noted she claimed to lean forward on a cart when ambulating in a market.  (R. 324).  Dr. Freudenberger's abnormal findings of decreased deep tendon reflexes (2/4), guarded lumbar range of motion, and "bone-on-bone" involvement of the degenerative discs

13

on only one occasion do not outweigh the other normal objective findings by other physicians during the relevant period  (R. 323-24).

The ALJ found Dr. Freudenberger's opinion was not supported by the imaging studies and examination notes throughout the record. (R. 26).  As discussed above, Dr. Gill's February 2017 notes indicate Hart displayed a normal gait, the ability to walk without assistance, and the ability to get on and off the examination table without assistance.  (R. 25, 264).  Dr. Gill noted Hart displayed full, 5/5 strength with good muscle tone throughout her musculoskeletal system and did not appear in distress.  (R. 264).  Dr. Lockard's records from February 16, 2017, and February 28, 2018, indicate Hart displayed a normal gait and did not appear in any distress.  (R. 295, 336).  Similarly, Dr. Ellis's January 30, 2018 notes indicate Plaintiff retained 5/5 strength and did not appear in acute or apparent distress.  (R. 332-33).  Dr. Ellis's examination did not reveal any abnormal findings aside from mild tenderness and a slightly antalgic gait.  (R. 332-33). For the above reasons, the ALJ showed good cause for discounting Dr. Freudenberger's opinion.

## B.    Daily Activities

Further, Hart argues the ALJ erred in determining her activities of daily living were inconsistent with her statements regarding debilitating pain.  (Doc 12 at 11; R. 26).   Plaintiff argues the ALJ's recitation of her activities, without listing the limitations Hart attached to each activity, was misleading and, therefore, discounting

her subjective pain testimony was not supported by substantial evidence.  (Doc. 12 at 12).  Specifically, the ALJ pointed to Hart's ability to maintain personal grooming, help with chores around the house, drive, cook, shop for groceries, go to the gym, and wash clothes.[4]  (R. 263, 335).  Further, the ALJ noted Plaintiff went on vacation to visit her mother in Tennessee. (R. 52).

In support of this contention, Plaintiff cites *Horton v. Barnhart*, 469 F. Supp. 2d 1041 (N.D. Ala. 2006), where the court found error because "the ALJ's selective description of the plaintiff's activities [was] disingenuous, as he accepts her listing of her activities, but not her limiting description of them."  (Doc. 12 at 13).  In *Horton*, the ALJ relied entirely on the plaintiff's daily activities in rejecting her pain testimony and allegations of debilitating pain, after improperly rejecting the opinion of the plaintiff's physician.  469 F. Supp. 2d at 1046.  The court held the recitation of the plaintiff's daily activities to discredit her pain testimony was not supported by substantial evidence.  *Id.*  The same cannot be said for this case.

Hart is correct that the ALJ did not recite her limitations, along with her daily activities.  However, Hart overstates the ALJ's reliance on Plaintiff's daily activities.  After reciting Plaintiff's daily activities, the ALJ explained that "throughout the

---

[4] Hart attached the following limitations to her activities: she has to leave if church goes over an hour because she cannot sit that long; she can cook breakfast and lunch but has to sit down afterward due to pain; she does laundry but only 1.5 hours per week; she struggles to put on shoes, get on and off the toilet, and get in and out of the bathtub; her husband helps with grocery shopping and she has to hold onto the buggy for assistance; and "going to the gym" was akin to physical therapy. (R. 49, 52, 58, 59, 181-83).

record, the claimant has described activities of daily living that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (R. 26).  This conclusion was preceded by a lengthy discussion on how the objective medical evidence and treatment notes throughout the record do not support Plaintiff's allegations of disabling pain.   (R. 25-26).   Therefore, the reasoning in *Horton* does not apply.

The question here is not whether the ALJ could have reasonably credited Plaintiff's testimony but whether the ALJ was clearly wrong to discredit it.  *Werner,* 421 F. App'x at 939.  Hart walks without assistance, climbs up and down the examination table without assistance, displays 5/5 strength throughout her musculoskeletal system, displays a normal gait, appears normal for stated age, and does not appear in acute or apparent distress when she presents for medical examinations.  (R. 26, 264, 295, 323, 336).  Here, substantial evidence supports the ALJ's conclusions.

The ALJ committed no reversible error because she explicitly and adequately provided her reasons for discrediting Plaintiff's pain testimony, and substantial evidence exists to support her decision.

## V. Conclusion

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's

decision is supported by substantial evidence and in accordance with applicable law.

Therefore, the court finds the ALJ's decision is due to be affirmed.  A separate order

will be entered.

**DONE** this 15th day of March, 2021.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE